

# THE ATTORNEY GENERAL
# OF TEXAS

### AUSTIN, TEXAS 78711

JOHN L. HILL
ATTORNEY GENERAL

January 13, 1975

The Honorable A. G. McNeese, Chairman
University of Texas System
Board of Regents
P. O. Box 2629
Houston, Texas 77001

Opinion No. H- 492

Re: The time of expiration
of the terms of members of
the Board of Regents of the
University of Texas System.

Dear Mr. McNeese:

You have asked our opinion on two questions relating to the expiration of the terms of the members of the Board of Regents of the University of Texas System. Your questions are:

> 1. Does the term of office of the three regents whose terms expire on January 14, 1975, expire with the convening of the Legislature at 12 o'clock noon on that date?

> 2. If in response to the first question posed above, you hold that the term of office of the three regents whose terms expire on January 14, 1975, does not expire until the convening of the Legislature at 12 o'clock noon on that date, and if the Governor appoints three successor regents prior to the adjournment of the Sixty-Fourth Legislature, will those appointees have to be confirmed by the Senate before they can take their oaths and assume their office as regents?

Your predicate that the terms of the regents appointed in 1969 expire on January 14, 1975, is based on Attorney General Opinion M-371 (1969). That opinion concluded that the regents' terms begin and end on

the date of the convening of the regular session of the Legislature.   A
similar result was reached in an Attorney General Opinion in 1925.
Attorney General Opinion No. 2583 (to Senators Murphy,  Wirtz,  Holbrook,
Moore and Russek,  February 9, 1925,  Book 60,  p.  237).   In 1933 another
opinion rejected the conclusion reached in the 1925 opinion,  and although
it did not designate a specific date on which the terms concluded,  it
suggested it was other than the date of the convening of the Legislature.
Attorney General Opinion No. 2908 (to Honorable R. S.  Sterling,  January
16,  1933,  Book 65,  p.  104).

The first Board of Regents for the University of Texas was established
in 1881.   Tex.  Laws 1881,  17th Legis.,  ch.  75, 81.   This Board consisted
of eight members who served eight year overlapping terms.   The eight
year term was in conflict with article 16,  section 30 of the Texas Constitu-
tion,  and the Supreme Court so held in a similar situation.   Kimbrough v.
Barnett,  55 S. W. 120 (Tex. Sup. 1900).   Subsequently the regents were
appointed to two year terms.

In 1912 the people adopted article 16,  section 30a,  of the Constitution
which permits the Legislature to establish six year terms for certain
boards.   In 1913 the Legislature provided that the University of Texas
Board of Regents would consist of nine members appointed for six year
overlapping terms.   Acts 1913,  33rd Legis. ch.  103,  p.  191.   That act
provides:

> Section 1.   The Board of Regents of the University
> of Texas shall be composed of nine persons,  who shall
> be qualified voters; the Board of Directors of the
> Agricultural and Mechanical College of Texas shall be
> composed of nine persons who shall be qualified voters;
> the State Board of Regents of the Normal Colleges shall
> be composed of six persons,  who shall be qualified
> voters; the Board of Regents of the College of Industrial
> Arts for Women shall be composed of six persons,  three
> of whom may be women; the Board of Managers of the
> Blind Institute,  the Deaf and Dumb Institute,  the Deaf,
> Dumb and Blind Institute for Colored Youths,  the

Confederate Home, the Confederate Woman's Home, of each of the Insane Asylums, the Epileptic Colony and the Orphans Home, shall each be composed of six members, who shall be qualified voters.

Sec. 2. The members of the governing board of each of the State institutions of higher education mentioned in Section 1 shall be selected from different portions of the State, and shall be nominated by the Governor and appointed by and with the advice and consent of the Senate. In event of a vacancy on said board, the Governor shall fill said vacancy until the convening of the Legislature and the ratification by the Senate. The members of each of said boards who who [sic] shall be in office at the time this Act takes effect shall continue to exercise their duties until the expiration of their respective terms, as shall be determined according to requirements of Section 3 of this Act, and additional members shall be appointed in the manner prescribed herein to fill out the membership herein provided for.

Sec. 3. The following members of the several governing boards shall be divided into equal classes, numbered one, two and three, as determined by each board at its first meeting after this Act shall become a law, these classes shall hold their offices two, four and six years respectively, from the time of their appointment. And one-third of the membership of each board shall hereafter be appointed at each regular session of the Legislature to supply the vacancies made by the provisions of this Act and in the manner provided for in Section 2, who shall hold their offices for six years, respectively. The duties of the several governing boards shall be determined by law heretofore enacted or that may hereafter be enacted, no changes in the said duties being made by this Act.

Attorney General Opinion M-371 (1969), conceding that the above statute was not clear as to the precise date on which the regents terms begin and expire, considered at least five possible dates before concluding that the date of the convening of the Legislature was the time that regents' terms expire.

Where the meaning of a statute is ambiguous the consistent and long-standing construction given it by the executive agency charged with its administration is entitled to great weight. Texas Employers' Insurance Association v. Holmes, 196 S. W. 2d 390 (Tex. Sup. 1946); Koy v. Schneider, 221 S. W. 880 (Tex. Sup. 1920); Heaton v. Bristol, 317 S. W. 2d 86 (Tex. Civ. App. --Waco 1958); writ ref'd app. dism'd, 359 U. S. 999 (1959); Neff v. Elgin, 270 S. W. 873 (Tex. Civ. App. --San Antonio 1925, writ ref'd); Broussard v. Cruse, 154 S. W. 347 (Tex. Civ. App. --Galveston 1913, writ ref'd). This policy is particularly strong when the Legislature has acquiesced in the construction. Moss v. Gibbs, 370 S. W. 2d 452 (Tex. Sup. 1963); Koy v. Schneider, supra; Neff v. Elgin, supra.

There was no consistent policy governing the beginning and ending of the terms of early appointees under the 1913 Act. Senate Journal, 39th Legis. R. S. , p. 365 (1925). However, during the last 36 years a clear interpretation by the Governor and Senate has developed.

We have examined the Election Registers in the Secretary of State's Office to ascertain the date of the expiration of the terms of members appointed to the boards of regents of the University of Texas, Texas A&M University, Texas Woman's University and the State Senior College System. The terms of the members of all of these boards or their predecessor boards were established in the same 1913 Act. Of the 274 appointments to these four boards since 1939, the terms of 268 of these were listed as expiring on January 10. The only six exceptions were the appointments of the University of Texas and Texas A&M University regents in 1973. Those regents were appointed on January 9, 1973, the day the Legislature convened, to a term to expire on January 8, 1979. However, they took the oath of office and qualified prior to the time the Legislature went into session, and thus their appointment lends no support to the view that the Governor may not act to fill the positions until the instant the

Legislature convenes.  The three University of Texas regents whose terms expire in 1975 were appointed to a term which, according to appointment records and the Governor's transmittal letter to the Secretary of State, was to expire January 10, 1975.  Actions have been taken, rights have been acquired, and obligations have been incurred by the University of Texas, Texas A&M University, Texas Woman's University, and the state senior colleges all in reliance on the validity of the long standing appointment date.

It is not clear why the January 10 date was chosen,  It will always occur on or very near the second Tuesday in January, which is the date on which the Legislature convenes.  The convening of the Legislature will fall no earlier than January 8 and no later than January 14 in any year.  Unlike a term tied to the beginning of the Legislature, terms ending on January 10 will be of the precise six year length established in the Constitution and statutes.

Given the virtually unbroken administrative and legislative use of the January 10 date, we feel that the better view is to accept that construction.

Due to our answer to your first question, it is unnecessary to consider your second question.

### S U M M A R Y

The terms of members of the Board of Regents of the University of Texas System expire on January 10.

Very truly yours,

JOHN L. HILL
Attorney General of Texas

APPROVED:

DAVID M. KENDALL, First Assistant

C. ROBERT HEATH, Chairman
Opinion Committee